**PATRIC LESTER & ASSOCIATES**
PATRIC LESTER (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Rd., #358
San Diego, CA 92108
Tel:  619.665.3888
Fax: 314.241.5777

Attorneys for Plaintiff Andrea Stringer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STRINGER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OLIPHANT FINANCIAL CORPORATION,<br><br>Defendant. | Case No.  5:15-cv-1713<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     Andrea Stringer ("Plaintiff") seeks redress in this action for Oliphant Financial Corporation's ("Defendant") practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").  The TCPA prohibits unsolicited voice calls to cellular telephones without prior express written consent within the meaning of the TCPA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §1331, §1337, and 47 U.S.C. §227 (TCPA). Venue in this District is proper because Defendant transacts business

here and the tort was committed here.

3. In addition to subject matter jurisdiction under the TCPA, this matter in controversy exceeds $5,000,000, as each member of the proposed Class is entitled to up to $500.00 and up to $1,500 in statutory damages for each call to cellular telephones, which has violated the TCPA. Based on the calls to Plaintiff and the size of Defendant, Plaintiff alleges on information and belief that it has used an automatic telephone system to make in excess of 10,000 calls to putative class members. None of the exceptions to the Class Action Fairness Act of 2005 applies. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2).

**PARTIES**

4. At all times relevant, Plaintiff was an individual residing in Riverside County, California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection company and is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. §153(39).

6. Defendant is a Florida corporation with offices at 2601 Cattlemen Rd., Suite 300, Sarasota, Florida 34232. Defendant is registered to do business in the State of California and may be served through its registered agent: CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

7. Plaintiff makes the following allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

13. Plaintiff had a cell phone number ending in 7032 ("Cell number").

14. Plaintiff never gave her cell number to any entity that either acquired or attempted to collect the debt Defendant was attempting to collect from her.

15. Plaintiff did not list her cell number in or on any other documents at any time during the transaction that resulted in the debt owed, nor did she verbally provide her phone number to or consent to any calls on her cell number by Defendant.

16. The debt that Defendant was attempting to collect, by calling Plaintiff, was not Plaintiffs debt.

17. Notwithstanding the fact Plaintiff did not provide Defendant with her cell number, Defendant repeatedly contacted Plaintiff on Plaintiff's cell number. Plaintiff received numerous calls on her cell number from Defendant.

18. The calls were automatically placed to her cell number, and when she answered, there was a long pause on the other end, and then on some calls she was transferred to an actual live person.

19. All telephone contact by Defendant to Plaintiff on her cell number occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred on or after the date that is four years prior to the filing of this action and 20 days following the filing of this Complaint.

20. The telephone calls placed by Defendant to Plaintiff's cell number used an automatic telephone dialing system and/or "an artificial or prerecorded voice" as described in 47 U.S.C. §227(b)(1)(A).

21. The telephone number that Defendant contacted Plaintiff, with a "an artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

22. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

23. "During the transaction that resulted in the debt owed," Plaintiff did not provide her wireless number to Defendant nor otherwise provide express consent to receive prerecorded calls by Defendant on Plaintiff's cell number.

24. Plaintiff did not own her current cell number at the time this debt was incurred. She therefore could not have given Defendant or any other company express consent at that time to contact her on that cell number via an automatic telephone dialing system.

25. Plaintiff did not provide "express consent," and in the alternative, if she

did initially provide it, which she denies, she revoked that consent before some or all of the calls herein occurred, allowing Defendant to place telephone calls to Plaintiff's cell number utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

26. Defendant did not make telephone calls to Plaintiff's cell number "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. §227(b)(1)(A).

27. Defendant's telephone calls to Plaintiff's cell number utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

28. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I – TCPA (CELLULAR CALLS)

29. Plaintiff incorporates the above factual allegations herein.

30. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. These phone calls were made without the prior express consent of Plaintiff or the class.

32. Defendant has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ." As a result of Defendant's illegal conduct, the

members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

33. Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the class.

34. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

35. Plaintiff proposes the following TCPA definition, subject to amendment as appropriate:

> All persons within the United States[1] to whose cellular telephone number Defendant placed a non-emergency telephone call using an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent, on or after the date that is four years prior to the filing of this action until the date that is 20 days following the filing of this action.
>
> Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

36. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

---

[1] Plaintiff may seek leave to amend the geographic scope of the class definition based on discovery.

6
COMPLAINT

37. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether, beginning on or after the date that is four years prior to the filing of this action until the date that is 20 days following the filing of this action, Defendant made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes including TCPA class actions.

40. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual

action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

41.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant:

A.     As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

E.     Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of

America, Plaintiff is entitled to, and demands, a trial by Jury.

DATED:   August 25, 2015          **LESTER & ASSOCIATES**

                                  By: /s/ Patric A. Lester
                                      Patric Lester
                                      Attorney for Plaintiff
                                      ANDREA STRINGER